OKOLONA SAVINGS INSTITUTION *v.* TRICE & CO.

LIEN.    *In favor of landlord.    Of judgment.    Conflict.*
   Where a landlord has received from his tenant cotton produced on the leased premises in payment of the rent thereof, and for supplies furnished the tenant, his claim thereto is paramount to a judgment-lien operative against the cotton before its delivery to the landlord.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. M. ARNOLD, specially presiding, by exchange with Hon. J. W. BUCHANAN.

On the 26th of September, 1881, the Okolona Savings Institution recovered, in the second district of Chickasaw County, a judgment for $345 against R. W. Haley, which was duly enrolled in that district on the 10th of October, 1881. Haley became indebted to J. M. Trice in the sum of $3,507, for the rent of a certain tract of land in Monroe County, for the year 1881, and for supplies furnished during that year to enable him to cultivate the land. On the morning of the 15th of November, 1881, Haley delivered to J. M. Trice, nine bales of cotton, produced on the leased premises in part payment of his indebtedness to the latter, who sold the cotton to the firm of Trice & Co., of which he was a member. In the evening of the same day, an execution issued upon the judgment of the Okolona Savings Institution against Haley, was levied upon the nine bales of cotton which had been sold by the latter to Trice & Co., the same then being, and having been before the sale to Trice & Co., in the district where the judgment had been enrolled as above stated. Trice & Co. filed a claimant's affidavit, and issue having been joined to test their claim, a trial was had and a judgment rendered in their favor. And thereupon the plaintiff in execution appealed.

*McIntosh & Williams*, for the appellant.

1. The cotton came into Chickasaw County unaffected by J. M. Trice's landlord's lien.

2. The moment it crossed the county line into Chickasaw it became affected by — encumbered with — the judgment-lien.

3. The cotton being encumbered by the judgment-lien the moment it came into Chickasaw, the purchase of it by Trice & Co. was of course subject to the rights of the judgment-creditor.

Trice & Co. stand on no higher ground, as purchasers of the cotton from the defendant in execution, by reason of the fact that J. M. Trice, the landlord, was a member of the firm of Trice & Co. and had bought the supplies for Haley from them, than any other purchaser would have stood, if another, other than Trice & Co. had purchased it.

*J. R. McIntosh*, of counsel for the appellant, argued the case orally.

*A. Y. Harper*, on the same side.

There is no assignment of the landlord's lien to the claimants. The landlord, J. M. Trice, a member of the firm of Trice & Co., had a lien for rent on these agricultural products, which he could have enforced by distress warrant before the products were removed from Monroe County, where the lands lie, into Chickasaw County, where the judgment against his tenant was enrolled. After the removal, which was with his permission, the landlord was absolutely without any remedy at law. The cotton was entirely free from this lien, so far as the courts of law could furnish redress.

Did the sale of the cotton to Trice & Co. displace the lien of the judgment and defeat the right of the plaintiff in execution to have this property applied to the satisfaction of its debt? J. M. Trice, the landlord, and Haley, the judgment-debtor, finding that an execution was about to issue, set themselves to work to defeat appellant's claim. Part of the proceeds of the cotton was applied in payment for supplies furnished by Trice & Co., and the balance for rent due J. M. Trice. This transaction could not affect the judgment-lien. The purchasers took the cotton subject to the judgment-lien, as well as the lien for rent, and they must satisfy both liens before they can appropriate the proceeds of the cotton.

*A. Y. Harper*, also made an oral argument.

*W. T. Houston*, for the appellees.

In order to reverse, appellant must satisfy the court that the lien of the landlord did not follow the cotton into Chickasaw County, or if it did that the landlord was without remedy at law, and could only compel the delivery of the cotton to him by the aid of a court of equity, and therefore the tenant's right to do it voluntarily, as expounded in *Straus* v. *Baily*, 58 Miss. 131, did not attach. Or, if the lien did follow the cotton, and if a surrender to the landlord would have been good, then that the transaction in question was not such a sur—

render, but a sale to Trice & Co., an independent transaction in which they get only the title of the defendant in execution subject to the judgment-lien as well as to the landlord's lien. See, as to the first proposition, *Cloud* v. *The State, to use, etc.*, 53 Miss. 665 ; 56 Miss. 432 ; Code 1880, sects. 1301 and 1360, which hold that the lien, being an express statutory lien, follows the cotton everywhere.   See, as to the second proposition, 58 Miss. 132 ; 54 Miss. 524 ; 9 Smed. & M. 339 ; 44 Miss. 35. The latter of which hold directly that what a court of equity would compel, may be done voluntarily.   See 9 Smed. & M. 358, seventeenth line from bottom of page, and 44 Miss. 35, fifteenth line from top.   As to the third proposition, the facts show that the cotton was delivered to claimants by the tenant pursuant to his agreement with the landlord, and under the directions of the landlord, and that it was no sale from the execution-defendant to Trice & Co., claimants herein.

*W. T. Houston*, argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

The question here presented is, does the existence of a judgment against a tenant, which is a lien on the property he has liable to execution, attach to the agricultural products of the leased premises in such manner as to override the claim of the landlord for rent and advances to the tenant for supplies to be paid out of the agricultural products surrendered to him for that purpose by the tenant ; in other words, will the claim of the judgment-creditor hinder the tenant from delivering the agricultural products of the leased premises in payment of the rent and advances by the landlord for supplies.

The Circuit Court held the claim of the landlord to be paramount to the lien of the judgment, and enforceable by the surrender of the chattels by the tenant, and their acceptance by the landlord, and we approve this view.

Judgment affirmed.